Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| MACK LIFT GENERAL CONTRACTORS, LLC<br><br>Apelante<br><br>V.<br><br>LE PARIS ESTETHIC, INC.; RAYMOND RODRÍGUEZ SANTOS; MAGALY URIBE CAMPOS Y OTROS<br><br>Apelados | TA2026AP00226 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV08797<br><br>Sobre:<br>Cobro de Dinero; Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2026.

El 2 de marzo de 2026, compareció ante este Tribunal de Apelaciones, Mack Lift General Contractors, LLC (en adelante, MLGC o parte apelante), por medio de recurso de *Apelación*. Mediante este, nos solicita que revisemos la *Sentencia* emitida el 3 de noviembre de 2025, y notificada el 4 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Moción en Solicitud de Sentencia Sumaria* presentada el 22 de julio de 2025, por Le Paris Estethic, Inc. (en adelante, Le Paris), Raymond Rodríguez Santos y Magaly Uribe Campos (en conjunto, parte apelada). Consecuentemente, desestimó con perjuicio la *Demanda* instada por MLGC el 18 de septiembre de 2023 y, además, ordenó el archivo con perjuicio de la *Reconvención* presentada por la parte apelada el 11 de octubre de 2023.

Por los fundamentos que adelante se exponen, se *revoca* la Sentencia apelada.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a un alegado incumplimiento contractual con relación a dos contratos firmados entre el 2019 y el 2022. Específicamente, la parte apelante alegó que realizó dos trabajos de construcción por los cuales no recibió la totalidad del pago acordado. La primera obra de construcción realizada comprende una serie de remodelaciones que MLGC presuntamente realizó en un local comercial ubicado en la Calle Hillside, en San Juan. La segunda obra alegadamente consistió en la instalación de una piscina en una residencia ubicada en la urbanización Emerald Lake, en Trujillo Alto.

Conforme surge de las alegaciones, luego de haber intentado recobrar la deuda de forma extrajudicial, MLGC presentó una *Demanda* sobre cobro de dinero e incumplimiento contractual el 18 de septiembre de 2023. En su demanda, este afirmó que contrató con el señor Rodríguez Santos y la señora Uribe Campos, como representantes de la corporación Le Paris, para realizar las obras descritas, por lo cual estos eran responsables por la cuantía impaga.

Los apelados presentaron, el 11 de octubre de 2023, una *Contestación a la Demanda, Reconvención y Demanda contra Tercero*. Allí, negaron haber contratado con MLGC los trabajos de construcción en el local comercial de Le Paris. Al contrario, los apelados alegaron en su contestación que MLGC había contratado con los dueños del local—unos terceros no incluidos en la demanda—y que dejó la obra incompleta. En cuanto a la instalación de la piscina en la residencia, los apelados aseveraron que MLGC también dejó dicha obra sin terminar, causándole daños.

En respuesta, MLGC sometió una *Réplica a Reconvención* el 20 de octubre de 2023,[1] donde negó las alegaciones de la

---

[1] El título completo del escrito es *Réplica a Reconvención de Sr. Ramond Rodríguez, Le Paris Estethic, Inc.; Magaly Uribe Campos, et al.*

reconvención, y afirmó, por su parte, que quien incumplió fue la parte apelada. Dicha *Réplica* contiene alegaciones detalladas no presentadas en la *Demanda*, a los fines de establecer que los apelados aceptaron todas las ofertas de los trabajos de manera verbal.

Superados varios trámites procesales innecesarios pormenorizar, tales como varios asuntos relacionados al descubrimiento de prueba, el 22 de mayo de 2025 se celebró una *Vista* por videoconferencia. De la *Minuta* de esta, se desprende que el foro primario estableció como fecha para el cierre del descubrimiento de prueba el 30 de septiembre de 2025.[2]

Sin haber decursado el término establecido por el foro primario, el 22 de julio de 2025, la parte apelada sometió una *Moción de Sentencia Sumaria y/o Desestimación*, la cual fue acompañada de dos (2) declaraciones juradas y tres (3) anejos adicionales. Mediante dicha moción, la parte apelada esgrimió que no había controversia en cuanto a que estos no fueron quienes contrataron con la parte apelante, por lo que no había una causa de acción. En particular, la parte apelada enfatizó que no contrataron ni en su carácter personal, ni en representación de Le Paris. El 15 de agosto de 2025, el foro primario emitió una *Orden* donde dio por sometida la moción sin oposición de MLGC.

Transcurridos otros trámites procesales, la parte apelante presentó una *Moción de Sentencia Sumaria*, el 21 de agosto de 2025. El día siguiente, 22 de agosto de 2025, MLGC sometió una *Moción Informativa*, mediante la cual anejó una declaración jurada en apoyo a la moción previamente presentada. En su *Moción de Sentencia Sumaria*, MLGC adujo que no habían hechos materiales en controversia, que la deuda estaba vencida y era líquida y exigible,

---

[2] SUMAC TPI, Entrada Núm. 94, pág. 2.

por lo que, correspondía en derecho dictar sentencia. Específicamente, MLGC señaló que, para las fechas señaladas, se había reunido con la parte apelada y que estos acordaron de forma verbal los dos trabajos de construcción que se realizaron. En apretada síntesis, los hechos según su recuento fueron los que en adelante se reseñan.

La parte apelante arguyó que, luego de un referido por otro ingeniero, las partes acordaron la instalación de la piscina. Adujo, además, que luego de haber iniciado los trabajos relacionados a la instalación de la piscina, la parte apelada le solicitó los trabajos de remodelación del local comercial. Además, alegó que la parte apelada había pagado parte de la deuda, por lo que, solo quedaba pagar el balance restante.

El 10 de septiembre de 2025, la parte apelada sometió dos mociones: una *Moción Informativa y en Solicitud de Desestimación por Incumplimiento con las Órdenes de este Honorable Tribunal* y *Oposición a Moción en Solicitud de Sentencia Sumaria de Mack Lift General Contractors*. En su oposición, la parte apelada reiteró sus argumentos esbozados en su *Moción de Sentencia Sumaria*.

Finalmente, resueltos varios asuntos procesales, el 3 de noviembre de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* cuya revisión nos atiene. Mediante dicho dictamen, el foro *a quo* declaró Ha Lugar la *Moción de Sentencia Sumaria* de la parte apelada, por lo que desestimó el pleito en su totalidad. A su vez, archivó con perjuicio la reconvención que la parte apelada había presentado. En atención a las exigencias procesales, el foro primario realizó las siguientes determinaciones de hecho:

1. El dueño registral de la residencia en Emerald Lake Plantation E-13 en Trujillo Alto, P.R. al momento de realizar los trabajos, era Raymond Rodríguez Santos.

2. Uribe Campos nunca ha sido propietaria de la residencia en Emerald Lake Plantation E-13 en Trujillo Alto, P.R.

3. Paris nunca ha sido propietaria de la residencia en Emerald Lake Plantation E-13 en Trujillo Alto, P.R.

4. Paris es una entidad corporativa debidamente registrada para hacer negocios en Puerto Rico y activa desde el 24 de febrero de 2014.

5. La dirección física de las oficinas de Paris es HC 01, Box 5385, Guaynabo, PR, 00971.

6. La única oficial de Paris es Uribe Campos.

7. Rodríguez Santos no es oficial de Paris.

8. La propietaria de Paris es Uribe Campos.

9. Uribe Campos es accionista, presidenta y tesorera de Paris.

10. Hasta el 10 de octubre 2022, las oficinas donde operan Paris, el dueño era JR Asphalt, Corp.

11. Mack Lift General Contractor, Inc., era una entidad corporativa debidamente registrada para hacer negocios en Puerto Rico y activa desde el 24 de febrero de 2014.

Subsiguientemente, evaluados y aquilatados el derecho aplicable y la prueba sometida por las partes, el foro primario concluyó lo siguiente:

Por los fundamentos antes expuestos, se declara HA LUGAR la Moción de sentencia sumaria presentada el 22 de julio de 2025, por la parte demandada, Paris. En consecuencia, este tribunal dicta Sentencia Sumaria desestimando con perjuicio la Demanda de epígrafe, presentada el 18 de septiembre de 2023. De igual forma, se ordena el archivo con perjuicio de la Reconvención, presentada por los demandados el 11 de octubre de 2023 puesto que, al amparo del mismo análisis arriba expuesto, la Parte Reconviniente carecería de legitimación activa para entablar una causa de acción en contra de Mack, por las obras de construcción, objeto de controversia en el presente caso.

Inconforme con este proceder, la parte apelante radicó una *Solicitud de Determinaciones de Hechos, Conclusiones de Derecho y Reconsideración* el 19 de noviembre de 2025. El día siguiente, el 20 de noviembre de 2025, presentó una *Moción Informativa*, donde anejó una declaración jurada en apoyo a su escrito de

reconsideración. Transcurridos otros trámites procesales adicionales, el foro primario dictó una *Resolución Interlocutoria* donde declaró No Ha Lugar, tanto la petición de reconsideración, como la petición de determinación de hechos.

En desacuerdo, la parte peticionaria acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

**PRIMER ERROR**:
ERRÓ EL TPI AL DESESTIMAR LA DEMANDA CONTRA LA RECURRIDA SIN CONSIDERAR LA PRUEBA CONTENIDA EN LA TOTALIDAD DEL EXPEDIENTE Y PRIVANDO A LA PETICIONARIA DE SU DÍA EN JUICIO.

**SEGUNDO ERROR**:
ERRÓ EL TPI AL DES[ES]TIMAR UN CASO DE COBRO DE DINERO E INCUMPLIMIENTO CONTRACTUAL Y NO PERMITIR EN UN JUICIO EL TESTIMONIO DE LA PETICIONARIA EN TORNO A LA INTENCIÓN QUE ESTÁ EN CONTROVERSIA, LAS NEGOCIACIONES, Y REPRESENTACIONES ENTRE LA PETICIONARIA Y LA RECURRIDA QUE REBATEN LAS DECLARACIONES JURADAS DE LA RECURRIDA Y DONDE CLARAMENTE SURGE QUE HABÍA UN CONTRATO ENTRE LAS PARTES.

**TERCER ERROR**:
ERRÓ EL TPI AL DESESTIMAR LA DEMANDA CUANDO LA EXISTENCIA DE UN CONTRATO ENTRE LAS PARTES ESTÁ EN CONTROVERSIA.

**CUARTO ERROR**:
ERRÓ EL TPI AL DESESTIMAR LA TOTALIDAD DE LA DEMANDA CUANDO LA RESOLUCIÓN CLARAMENTE MANTENÍA LA CAUSA DE ACCIÓN DE LA PETICIONARIA EN UNO DE LOS CONTRATOS Y/O PROYECTOS QUE REALIZÓ LA PETICIONARIA.

Luego de dictarle término para comparecer, el 15 de abril de 2026, la parte apelada sometió su *Alegato en Oposición a Recurso de Apelación.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

*A. Sentencia Sumaria*

La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio. *Segarra Rivera v.*

*Int'l Shipping et al.*, 208 DPR 964, 979 (2022); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 610 (2023); *Birriel Colón v. Econo y Otros*, 213 DPR 80, 90 (2023). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta norma procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. *Serrano Picón v. Multinational Life Ins.*, supra, pág. 992. Cuando se habla de hechos materiales, se hace referencia a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales. *Alicea Pérez v. Coop. Seg. Múlt. et al.*, 210 DPR 71, 76 (2022) (Opinión concurrente de la Jueza Presidenta Oronoz Rodríguez).

Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si procede en derecho. *SLG Fernández-Bernal v. RAD-MAN*, 208 DPR 310, 335 (2021). De la prueba adjunta a la solicitud de sentencia sumaria, deberá surgir preponderadamente la inexistencia de controversia sobre los hechos medulares del caso. *Birriel Colón v. Econo y Otros*, supra, pág. 91.

Cónsono con esto, en el pasado el Tribunal Supremo de Puerto Rico ha afirmado que—utilizado ponderadamente—el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar

los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir:

> (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V. R. 36.3. Ver también *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).

Cumplidos estos requisitos, las Reglas de Procedimiento Civil, en el inciso (e) de la Regla 36.3 establece que:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. 32 LPRA Ap. V, R. 36.3 (e).

La sentencia sumaria no procederá en las instancias que: "1) **existan hechos materiales y esenciales controvertidos**; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) **surja de los propios documentos que se acompañan con la**

**moción una controversia real sobre algún hecho material y esencial**; o 4) como cuestión de derecho, no proceda". *SLG Fernández-Bernal v. RAD-MAN*, supra, págs. 335-336 (énfasis suplido); *Serrano Picón v. Multinational Life Ins.*, supra, pág. 992.

Nuestro Tribunal Supremo ha establecido que el grado de complejidad de las controversias presentadas no es óbice para que se dicte una sentencia sumaria. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 112 (2015). Por otro lado, en casos donde se tiene que dirimir el estado mental de una persona, o la credibilidad de unos testigos, puede resultar impropio despachar el pleito de forma sumaria. *Ramos Pérez v. Univisión*, supra, pág. 219 (2010); *Jusino et al. v. Walgreens*, 155 DPR 560, 579 (2001).

Por su lado, algunos tratadistas federales han trazado los desarrollos en las diversas cortes federales, con respecto a la aplicación de la Regla 56 de las Reglas de Procedimiento Civil federal a diversas causas de acciones. Dado a que nuestra regla proviene del articulado federal, citamos este desarrollo normativo como fuente persuasiva.[3] Los reconocidos tratadistas Wright y Miller han comentado que la disponibilidad de una sentencia sumaria en casos contractuales dependerá de la controversia en disputa. Wright & Miller, *Federal Practice and Procedure*, Civil 4th. ed., 2026, sec. 2730.1. Por ejemplo, y cónsono con la norma general señalada previamente, en casos donde se inquiere sobre el estado mental de las partes contratantes, pudiera resultar impropio resolver el caso por la vía sumaria. A su vez, en casos donde hay una disputa genuina sobre la existencia de un contrato válido, resulta igualmente inadecuado que dicha controversia fáctica se resuelva

---

[3] Nuestro Tribunal Supremo ha dicho que la jurisprudencia interpretativa de la regla federal análoga a la nuestra resulta ilustrativa y es útil como fuente persuasiva. Ver *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 475 (2013); *Ramos Pérez v. Univisión,* supra, pág. 212; *Medina v. M.S.& D. Química P.R., Inc.*, 135 DPR 716, 731 (1994).

por la vía sumaria.[4]     Lo mismo sucede en casos donde la controversia gira alrededor de un contrato verbal.

En cuanto a la parte que se opone a una sumaria, nuestra Máxima Curia ha expresado que, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Birriel Colón v. Econo y Otros*, supra, pág. 90; *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010). Las meras afirmaciones no bastan. *Íd.* "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión*, supra, pág. 215 (cita omitida); *Roldán Flores v. M. Cuebas, Inc.*, 199 DPR 664, 677 (2018).

Además, se le exige a la parte que se opone ciertas exigencias adicionales. Primeramente, deberá presentar una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, estén en controversia, donde, a su vez, cita específicamente los párrafos según fueron enumerados por el promovente de la moción. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 336. También, la parte opositora deberá enumerar los hechos que no estén en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* En adición, deberá esbozar las razones por las cuales no se debe dictar sentencia sumaria, con referencias precisas al derecho aplicable. *Íd.* Si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra*, se podrán considerar como admitidos y

---

[4] Ellos indican que "summary judgment may be inappropriate when there is a factual dispute regarding the existence of a valid and binding agreement."

se dictará la Sentencia Sumaria en su contra, si procede. *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 677.

Respecto a la revisión de las sentencias sumarias, el foro apelativo deberá utilizar los mismos criterios que el Tribunal de Primera Instancia. *Meléndez González et al. v. M. Cuebas*, supra, pág. 114; *González Meléndez v. Mun. San Juan*, supra, pág. 611. Nuestro Máximo Foro ha sido claro en que, "[l]os tribunales apelativos estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta". *Birriel Colón v. Econo y Otros*, supra, pág. 91; *Roldán Flores v. M. Cuebas*, supra, pág. 679. De acuerdo con lo anterior, el foro apelativo está obligado a examinar *de novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Birriel Colón v. Econo y Otros*, supra, en las págs. 91-92. Ver también *Serrano Picón v. Multinational Life Ins.*, supra, pág. 993; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118.

Finalmente, nuestro Tribunal Supremo ha reconocido la modalidad de sentencia sumarias por insuficiencia probatoria. *Rodríguez Méndez v. Laser Eyes*, 195 DPR 769, 786 (2016); *Ramos Pérez v. Univisión*, supra, pág. 217; *Pérez v. El Vocero*, 149 DPR 427, 447 (1999); *Medina v. M.S.& D. Química P.R., Inc.*, 135 DPR 716, 731 (1994). Esta modalidad surge cuando, luego de haber culminado el descubrimiento de prueba, el promovente certifica que el demandante no cuenta con prueba para establecer los elementos de su causa de acción. Quien solicite una sumaria por insuficiencia probatoria tiene que probar que "(1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su reclamación, y (3) como

cuestión de derecho, procede la desestimación de la reclamación". *Rodríguez Méndez v. Laser Eyes*, supra, pág. 786.

Además, en cuanto a esta modalidad de la sentencia sumaria, el Supremo ha enfatizado que "es indispensable que se le haya brindado a la parte promovida amplia oportunidad para realizar un descubrimiento de prueba adecuado". *Íd.*, en la pág. 787. Ver también *Medina v. M.S. & D. Química P.R., Inc.*, supra, pág. 733; *Pérez v. El Vocero*, supra, pág. 447. "En suma, bajo la modalidad de sentencia sumaria por insuficiencia de la prueba, el promovente tiene que poner al tribunal en la posición de evaluar la adecuacidad del descubrimiento de prueba realizado hasta ese momento y de concluir que el promovido no cuenta con evidencia suficiente". *Pérez v. El Vocero*, supra, pág. 447. Por otro lado, una vez haya culminado el descubrimiento de prueba, "la parte promovida deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. No puede evadir la moción del promovente por el mero pretexto de que, a pesar de no contar con evidencia suficiente para probar un elemento indispensable para su reclamación, merece su 'día en corte'". *Rodríguez Méndez v. Laser Eyes*, supra, pág. 787.

La parte promovente puede presentar prueba, como puede optar por no hacerlo. *Medina v. M.S. & D. Química P.R., Inc.*, supra, pág. 732. Como estableció el Supremo, es el promovente quien "tiene el peso de demostrarle al tribunal que la parte promovida no cuenta con una evidencia admisible suficiente para probar, por lo menos, un elemento esencial indispensable para su caso". *Íd.* Con excepción de lo antes descrito, a la sentencia sumaria por insuficiencia de la prueba le aplican las mismas normas y principios que el Supremo ha establecido en cuanto a las sentencias sumarias y "cuando existe duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida". *Íd.*, pág. 734.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En su comparecencia ante este foro revisor, la parte apelante nos asevera que el foro primario erró, entre otras cosas, al desestimar con perjuicio la demanda, por persistir controversias genuinas sobre hechos materiales. Particularmente, en su tercer señalamiento de error, la parte apelante esgrimió que aún había controversia sobre la existencia de un contrato entre las partes. Le asiste la razón. Por ser este señalamiento de error dispositivo del recurso, intimamos innecesario adentrarnos en la discusión de los demás señalamientos de error.

Como cuestión de umbral y el ejercicio de nuestra función revisora nos corresponde: 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[5].

Conforme surge del expediente ante nuestra consideración, en el pleito, tanto la parte apelada como la parte apelante interpusieron

---

[5] *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 679.

ante el foro primario sus respectivas mociones de sentencia sumaria.

Por un lado, el **22 de julio de 2025 Le París interpuso su moción de sentencia sumaria.** En apretada síntesis, alegó que procedía la desestimación del pleito ante la inexistencia de una controversia real sustancial de hechos materiales, de conformidad con lo dispuesto por la Regla 36 de Procedimiento Civil, *supra*. En efecto, argumentó que MLGC no contaba con prueba para establecer los elementos de su causa de acción.

De un ponderado análisis del expediente ante nuestra consideración, surge que, Le París, en su moción de sentencia sumaria, cumplió sustancialmente con las formalidades dispuestas por la Regla 36 de Procedimiento Civil, *supra*. [6] Puesto que, incluyó las alegaciones de las partes, realizó una enumeración de hechos sobre los cuales entendía eran incontrovertidos, de manera detallada, separada y sustentada. Asimismo, hizo referencia a varios documentos que obran en el expediente.

Es meritorio puntualizar que **MLGC no se opuso a la moción de sentencia sumaria de la parte apelada antes mencionada.**

No obstante lo anterior, **el 21 de agosto de 2025, la parte apelante interpuso su respectiva moción de sentencia sumaria**. Mediante la aludida moción dispositiva, intentó persuadir al foro primario de que procedía que dictara sentencia sumaria a su favor, y consecuentemente, condenara a la parte apelada al pago de las alegadas cuantías adeudadas, en virtud de la relación contractual entre las partes por concepto de los trabajos alegadamente realizados.

El foro primario razonó que, MLGC incumplió la precitada Regla 36, *supra*, al no presentar evidencia admisible que sustentara

---

[6] Regla 36.3(b) de Procedimiento Civil, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 15.

su impugnación o que permitiera concluir que subsistía alguna controversia que requiera su adjudicación en una vista evidenciaria.

Cabe señalar que, a pesar de que el foro primario concluyó que la parte apelante incumplió con lo requerido por la Regla 36 de Procedimiento Civil, *supra*, procedió a adjudicar la moción de sentencia sumaria interpuesta por la parte apelada y declaró la misma ha lugar. Consecuentemente, dictó sentencia mediante la cual desestimó con perjuicio la *Demanda* interpuesta por la parte apelante.

En el ejercicio de nuestra función revisora, procedemos a revisar *de novo* las aludidas mociones de sentencia sumaria y la oposición de la parte apelada a la moción dispositiva de la parte apelante. Veamos.

De entrada, destacamos que, si bien son dos modalidades distintas del mismo mecanismo procesal, a ambas mociones dispositivas les aplican el mismo estándar: que no exista controversia genuina sobre hechos materiales y que el remedio proceda en derecho. Colegimos que, ninguna de las dos mociones dispositivas cumplió las formalidades de la Regla 36, *supra*, primordialmente, con el requisito de demostrar que no persisten controversias de hechos materiales.

Como señalamos anteriormente, este pleito versa sobre dos obras de construcción presuntamente realizadas consistentes en: (1) la remodelación de un local comercial y (2) la instalación de una piscina en una residencia. Luego de un examen minucioso del expediente, estamos de acuerdo con la conclusión alcanzada por el foro primario en cuanto a las obras de remodelación del local comercial en controversia. Los documentos que obran en el expediente demuestran que la parte apelada no era la dueña del

local para la fecha que se alega que se realizaron las obras.[7] Además, el apelante no presentó prueba alguna que tienda a establecer ni un solo elemento de la causa de acción que reclama.

Puntualizamos que, en cuanto a la construcción de la piscina, obra en el expediente evidencia que controvierte la conclusión de hecho, a los efectos de que no hubo un contrato. Ambas partes sometieron declaraciones juradas y prueba documental con sus respectivas mociones de sentencia sumaria.[8] El foro *a quo* particularizó que no le mereció credibilidad la declaración jurada presentada por MLGC, la cual fue **firmada y preparada un día después de presentada la moción de sentencia sumaria**.[9] Aun restándole credibilidad a dicha declaración jurada, tal y como lo hizo el foro primario, la parte apelada no pudo establecer la ausencia de alguna controversia real y sustancial sobre hechos materiales. Por ello, el foro *a quo* no debió desestimar el pleito con perjuicio por la vía sumaria. Nos explicamos.

En primer lugar, tal como determinó el Tribunal de Primera Instancia, no está en controversia que el dueño de la residencia en Emerald Lake Plantation E-13 en Trujillo Alto, PR era el señor Rodríguez Santos.[10] En segundo lugar, en la contestación al primer pliego de interrogatorios suscrito a la parte apelada, esta afirmó que "[e]n el caso de los [trabajos] realizados en la piscina residencial, **sí existió un contrato escrito**, el cual no tenemos copia de este".[11] Además, en la *Reconvención*, la parte apelada alegó que MLGC se había comprometido "a realizar obras de una piscina que no completó y con serias fallas que provocaron que la obra no se

---

[7] SUMAC TPI, Entrada Núm. 102, Anejos 3 y 4.
[8] SUMAC TPI, Entradas Núm. 102, 109 y 110.
[9] SUMAC TPI, Entrada Núm. 123, Sentencia, pág. 20. Ver también SUMAC TPI, Entrada Núm. 110, *Exhibit 1*.
[10] SUMAC TPI, Entrada Núm. 123, *Sentencia*, pág. 7; SUMAC TPI, Entrada Núm. 109, *Exhibit 5*.
[11] SUMAC TPI, Entrada Núm. 126, *Exhibit 3*, pág. 3. (Énfasis suplido).

pudiera utilizar".[12] En cuanto a los alegados defectos de la piscina, la parte apelada afirmó en sus contestaciones al interrogatorio que la parte apelante abandonó la obra, a sabiendas de que el trabajo quedó defectuoso.[13] Por último, con respecto a la diversa prueba sobre la presunta piscina, MLGC, anejó a unos de sus escritos presentados ante el foro primario, unas fotografías de dos piscinas.[14]

Ahora bien, dichas fotografías no indican el lugar en donde están esas piscinas, ni tampoco la fecha en que se tomaron las aludidas fotos. Por lo tanto, dichas fotos no constituyen prueba clara ni mucho menos, contundente que establezca *de facto*, la reclamación de la parte apelante. No obstante, vistas en conjunto con las propias admisiones de la parte apelada, esta prueba genera duda sobre si hubo un contrato entre las partes en cuanto a la construcción de la piscina residencial. Incluso, esta prueba aparenta contradecir la declaración jurada que suscribió el señor Rodríguez Santos, en la cual afirmó que nunca contrató con MLGC para que realizase trabajos para instalar una piscina residencial.[15] Es decir, de los documentos disponibles en el expediente, y suscritos en la moción de sentencia sumaria, hay prueba encontrada que, lejos de disipar toda duda, entronca una controversia sobre uno de los elementos esenciales de la causa de acción.

Por otro lado, tal y como concluyó el foro primario, no hay controversia en cuanto a que, de haber mediado un contrato para la construcción de una piscina, este fue entre MLGC y el señor Rodríguez Santos. La parte apelante no sometió prueba que demostrara que la señora Uribe Campos es la dueña de la propiedad

---

[12] SUMAC TPI, Entrada Núm. 4, pág. 2.

[13] SUMAC TPI, Entrada Núm. 126, *Exhibit 3*, pág. 4.

[14] SUMAC TPI, Entrada Núm. 80, Anejos 1 al 4. Esta documentación se presentó en conjunto a una *Moción de Reconsideración*, cuya súplica era que se reconsiderase una sanción económica impuesta por el foro primario.

[15] SUMAC TPI, Entrada Núm. 102, Anejo *5*, pág. 1, pár. 10. Dice ahí el señor Rodríguez Santos que "[n]unca contrate [*sic*], en mi carácter personal, los servicios de Mack Lift General Contractor para realizar mejoras o construcción en el área de la piscina de la propiedad ubicada en la Urb. Esmeralda Lake N[ú]mero E-13, en Trujillo Alto, PR. o en cualquier otro sitio o propiedad".

o que hubiera suscrito acuerdo alguno. Meras alegaciones de que esta participó en el proceso del diálogo inicial en cuanto a los trabajos, no son suficientes para establecer que ella hubiera tomado parte en cualquier contrato que se hubiese acordado.[16] Además, el nombre de la señora Uribe Campos no aparece en ninguno de los documentos que la parte apelante sometió con la intención de establecer que hubo un contrato y que se realizaron pagos dirigidos a MLGC.[17] Por ende, no hay controversia sobre el hecho de que la señora Uribe Campos no suscribió acuerdo alguno con la parte apelante, por lo cual, procede desestimar con perjuicio, la causa de acción en su contra.

A esto, hay que sumar que la señora Uribe Campos es la única oficial de Le Paris.[18] Toda vez que, no hay controversia sobre la ausencia de contrato entre la señora Uribe Campos y la parte apelante, tampoco hay controversia sobre el hecho de que Le Paris no contrató con la parte apelante.

No podemos olvidar que la sentencia sumaria solamente procede ante la ausencia de toda controversia real y sustancial sobre los hechos materiales del caso. La *Moción de Sentencia Sumaria* de la parte apelante no logra establecer dicha ausencia. Estos sometieron unas facturas, las cuales no contienen la firma del señor Rodríguez Santos.[19] Igualmente, sometieron un presunto contrato para la instalación de la piscina, el cual tampoco está firmado.[20] Ninguno de estos ejemplares son suficientes para establecer que no existe una controversia genuina en cuanto a la existencia de un contrato para la instalación de una piscina.

Por otra parte, si bien es cierto que la moción de sentencia sumaria presentada por la parte apelada descansa sobre la

---

[16] SUMAC TPI, Entrada Núm. 110, *Exhibit 1*, págs. 1-2.
[17] SUMAC TPI, Entrada Núm. 109, Exhibits 2 al 4.
[18] SUMAC TPI, Entrada Núm. 102, Anejo 2.
[19] SUMAC TPI, Entrada Núm. 109, Exhibits 3 y 4.
[20] SUMAC TPI, Entrada Núm. 109. *Exhibit 2*.

insuficiencia de la prueba, a esta también le aplica el mismo estándar, y de la misma forma, incumple. Además, cabe destacar que, cuando se presentaron las mociones de sentencia sumaria, el descubrimiento de prueba aún no había culminado, ya que, el foro primario concedió a las partes hasta el 30 de septiembre de 2025 para ello. Empero, la parte apelada presentó su moción de sentencia sumaria el 22 de julio de 2025, dos meses previos a la fecha establecida.

Nuestro Tribunal Supremo ha sido enfático en que, cuando se radica una moción de sentencia sumaria por insuficiencia de la prueba, tiene que acreditarse que ha culminado el descubrimiento de prueba, y que este ha sido adecuado. *Rodríguez Méndez v. Laser Eyes*, supra, pág. 787; *Medina v. M.S. & D. Química P.R., Inc.*, supra, pág. 733. En este caso, la etapa en la cual se presentó la solicitud, sin que hubiere culminado el descubrimiento de prueba, aconsejaba en contra del despacho sumario del pleito.

Queremos dejar meridianamente que, no pasamos por alto los acontecimientos ante el foro primario con relación al descubrimiento de prueba. Esta Curia está consciente de las diversas medidas que el foro primario ha tomado para que la parte apelante cumpla con los requerimientos del descubrimiento de prueba.[21] No obstante, en el ejercicio de su sana discreción, el foro *a quo e*stableció una fecha para la culminación del descubrimiento de prueba, y dicha fecha no había transcurrido para cuando se presentaron las mociones dispositivas.

En resumen, incorporamos las determinaciones de hechos que no están en controversia realizadas por el foro primario, y consignamos que los siguientes hechos materiales persisten en controversia:

---

[21] Ver SUMAC TPI Entradas Núm. 74, 78 y 100.

1. Si hubo un contrato entre el señor Rodríguez Santos y MLGC, para que MLGC realizara unos trabajos de instalación o restauración de una piscina en la residencia ubicada en Emerald Lake Plantation E-13 en Trujillo Alto, PR, la cual pertenecía al señor Rodríguez Santos para las fechas en controversia.

2. Si hubo pagos emitidos de parte del señor Rodríguez Santos a MLGC por los trabajos presuntamente realizados en la piscina en la residencia ubicada en Emerald Lake Plantation E-13 en Trujillo Alto, PR.

3. Si los trabajos presuntamente realizados en la piscina residencial ubicada en Emerald Lake Plantation E-13 en Trujillo Alto fueron completados por MLGC.

**IV**

Por los fundamentos expuestos, se *revoca* la Sentencia apelada y se devuelve el caso al foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones